UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JESUS SANCHEZ AYALA,

    Plaintiff,

-vs-

LEXIS NEXIS RISK DATA MANAGEMENT, LLC,

    Defendant.

CASE NO.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, JESUS SANCHEZ AYALA (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendant, LEXIS NEXIS RISK DATA MANAGEMENT, LLC (hereinafter "LexisNexis"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. This is an action alleging LexisNexis violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (FCRA) by producing and selling credit reports inaccurately reporting as to Plaintiff, and thereby failing to follow policies and

1

procedures to ensure the maximum possible accuracy of the credit report it produced and sold.

3. The FCRA creates a private right of action against a consumer reporting agency for the negligent, 15 U.S.C. § 1681o, or willful, 15 U.S.C. § 1681n, violation of any duty imposed by the FCRA. *Alexander v. Certegy Check Servs.*, No. 8:16-CV-859-17JSS, 2016 U.S. Dist. LEXIS 180072, at *5 (M.D. Fla. Dec. 29, 2016) (*citing Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1333 (11th Cir. 2015)).

4. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION, VENUE, AND PARTIES**

5. Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

7.  Venue is proper in this District as Plaintiff is a natural person and resident of Broward County, Florida; the violations described in this Complaint occurred in this District; and Defendant transacts business within this District.

8.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c). Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9.  LexisNexis is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

10. LexisNexis is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). LexisNexis is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. LexisNexis disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. LexisNexis is one of the largest credit reporting agencies in the United States today.

13. Recently, Plaintiff became aware an automobile accident that occurred on August 12, 2022, in West Virginia was being reported to Plaintiff's consumer report by LexisNexis.

14. The collision claim was from non-party, Progressive, and involved a 2015 Toyota Rav 4 and 2018 Mercedes Benz Sprinter. One of the drivers was John Robertson. Plaintiff was not involved on this accident. Plaintiff's vehicles were also not involved in this accident.

15. Plaintiff has never owned or driven either of the above referenced vehicles. Further, Plaintiff does not know and has never known "John Robertson".

16. Plaintiff owns two vehicles: a 2018 Hyundai Sonata and a 2010 Honda Civic.

17. On or about October 5, 2023, Plaintiff mailed a detailed dispute letter to LexisNexis regarding the inaccurate reporting and requested an updated copy of his consumer report. In the letter, Plaintiff explained he was not involved in the auto accident on August 12, 2022, in West Virginia, that he had never owned or driven the vehicles involved. Additionally, Plaintiff explained that on the day of the incident he was in Fort Lauderdale, Florida. In the letter, Plaintiff included an image of his driver's license as proof of identity. Plaintiff also included images of his State Farm statement as proof of the only two vehicles he owns, images from Progressive of the

collision claim, and bank activity as proof he was in Florida at the time of the accident.

18. Plaintiff mailed his detailed dispute letter to LexisNexis via USPS Certified Mail, tracking number 9589 0710 5270 0942 1949 18.

19. On or about October 12, 2023, LexisNexis responded by stating it was unable to process Plaintiff's request because it was unable to locate Plaintiff's file with the information provided.

20. Plaintiff provided enough information to LexisNexis to identify his file and to handle the dispute and provide an updated consumer report. LexisNexis failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

21. LexisNexis failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff during the alleged investigation.

22. In response, on or about November 9, 2023, Plaintiff sent another detailed dispute letter to LexisNexis. In the letter, Plaintiff reiterated he was not involved in the accident on August 12, 2022, in West Virginia, that he had never owned or driven the vehicles in involved, and that on the day of the incident he was in Fort Lauderdale, Florida. Plaintiff again requested an updated copy of his consumer report. In the letter, Plaintiff included an image of his driver's license,

passport, Social Security card, and recent mortgage statement as proof of identity. Plaintiff also included images of his State Farm statement as proof of the only two vehicles he owns, images from Progressive of the collision claim, and bank activity as proof he was in Florida at the time of the accident.

23. On or about November 13, 2023, LexisNexis responded by providing Plaintiff an informational letter explaining the LexisNexis dispute process.

24. On or about November 13, 2023, LexisNexis also responded with a second letter by stating they were unable to process Plaintiff's request due to being unable to authenticate Plaintiff's identity.

25. Plaintiff provided more than sufficient information to LexisNexis to identify his file and to handle the dispute and provide an updated consumer report. LexisNexis failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

26. LexisNexis failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff during the alleged investigation.

27. Despite Plaintiff's best efforts to have the inaccurate information corrected, upon information and belief, LexisNexis continues to report the inaccurate Progressive collision claim on Plaintiff's consumer report. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

28. Despite Plaintiff's pleas, LexisNexis has not conducted an actual investigation.

29. Plaintiff continues to suffer as of the filing of this Complaint with LexisNexis' reluctance to conduct a thorough investigation into his disputes or otherwise make his consumer file accurate.

30. LexisNexis clearly does not have policies and procedures in place to ensure the maximum possible accuracy of the consumer reports it publishes.

31. As a result of the action and/or inaction of LexisNexis, Plaintiff has suffered damages, including, but not limited to:

  i. Monies lost by attempting to fix his consumer report. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

  ii. Loss of time attempting to cure the errors;

  iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by LexisNexis' reluctance to fix the errors;

  iv. An increase in his auto insurance deductible;

    v.    Inability and difficulty in obtaining affordable automobile insurance; and

    vi.    Defamation as LexisNexis published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, LexisNexis Risk Data Management, LLC (Negligent)

32. Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty-one (31) as if fully stated herein.

33. LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

34. Upon information and belief, LexisNexis allowed for a Furnisher to report inaccurate information on an account. LexisNexis failed to have policies and procedures to avoid misreporting accidents.

35. Upon information and belief, LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

8

36. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

37. The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

38. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JESUS SANCHEZ AYALA, respectfully requests that this Court award actual damages against Defendant, LEXIS NEXIS RISK DATA MANAGEMENT, LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, LexisNexis Risk Data Management, LLC (Willful)**

39. Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty-one (31) as if fully stated herein.

40. LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

41. Upon information and belief, LexisNexis allowed for a Furnisher to report inaccurate information on an account.

42. Upon information and belief, LexisNexis is aware that it has misrepresented accident history on consumers, yet it fails to enforce proper policies and procedures to prevent such error.

43. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

44. The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

45. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JESUS SANCHEZ AYALA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXIS NEXIS RISK DATA MANAGEMENT, LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, LexisNexis Risk Data Management, LLC (Negligent)

46. Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty-one (31) as if fully stated herein.

47. After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and/or (4) relying upon verification from a source it has to know is unreliable.

48. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, LexisNexis refused to conduct

any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

49. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

50. The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

51. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JESUS SANCHEZ AYALA, respectfully requests that this Court award actual damages against Defendant, LEXIS NEXIS RISK DATA MANAGEMENT, LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT IV**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, LexisNexis Risk Data Management, LLC (Willful)**

52. Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty-one (31) as if fully stated herein.

53. After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and/or (4) relying upon verification from a source it has to know is unreliable.

54. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

55. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

56. The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

57. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JESUS SANCHEZ AYALA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXIS NEXIS RISK DATA MANAGEMENT, LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT V**
**Violation of 15 U.S.C. § 1681g as to**
**Defendant, LexisNexis Risk Data Management, LLC (Negligent)**

58. Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty-one (31) as if fully stated herein.

59. After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's consumer file.

60.     Plaintiff provided to LexisNexis appropriate and sufficient proofs of identity to allow LexisNexis to create a high degree of confidence in knowing the identity of Plaintiff.

61.     Despite the sufficient proofs of identification produced by Plaintiff, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation or results to Plaintiff.

62.     As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

63.     The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

64.     Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JESUS SANCHEZ AYALA, respectfully requests that this Court award actual damages against Defendant, LEXIS NEXIS RISK DATA MANAGEMENT, LLC, jointly and severally; award Plaintiff his attorney's

fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT VI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, LexisNexis Risk Data Management, LLC (Willful)

65. Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty-one (31) as if fully stated herein.

66. After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's consumer file.

67. Plaintiff provided to LexisNexis appropriate and sufficient proofs of identity to allow LexisNexis to create a high degree of confidence in knowing the identity of Plaintiff.

68. Despite the sufficient proofs of identification produced by Plaintiff, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation or results to Plaintiff.

69. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

70. The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

71. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JESUS SANCHEZ AYALA, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXIS NEXIS RISK DATA MANAGEMENT, LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JESUS SANCHEZ AYALA, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, LEXIS NEXIS RISK DATA MANAGEMENT, LLC,

jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 30th day of November 2023.

    Respectfully submitted,

    **/s/ *Octavio Gomez***
    Octavio "Tav" Gomez, Esq.
    Florida Bar #: 0338620
    Georgia Bar #: 617963
    Pennsylvania Bar #: 325066
    The Consumer Lawyers PLLC
    412 E. Madison St. Ste 916
    Tampa, Florida 33602
    Cell: (813) 299-8537
    Facsimile: (844) 951-3933
    Primary Email:
    Tav@theconsumerlawyers.com
    Secondary Email:
    Lisa@theconsumerlawyers.com

    **/s/ *Frank H. Kerney, III, Esq.***
    Frank H. Kerney, III, Esq.
    Florida Bar No.: 88672
    Tennessee Bar No.: 035859
    The Consumer Lawyers PLLC
    412 E. Madison St. Ste 916
    Tampa, Florida 33602
    Telephone: 844.855.9000
    Facsimile: 844.951.3933
    Frank@TheConsumerLawyers.com
    *Attorneys for Plaintiff*